IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Christopher Lynn Short, ) | | Civil Action No. 4:08-7008-TLW |
| ) | | Criminal No. 4:04-793-TLW |
| Petitioner, ) | | |
| ) | | |
| vs. ) | | ORDER |
| ) | | |
| The United States of America, ) | | |
| ) | | |
| Respondent. ) | | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Christopher Lynn Short, ("Petitioner" or "Defendant").

On August 24, 2004, Defendant was charged in a one count Indictment. (Doc. # 1). Defendant pled not guilty, and the case proceeded to trial on April 18, 2005. On April 22, 2005, the jury entered a verdict of guilty against Defendant on the charge of conspiracy to distribute or possess with intent to distribute 50 grams or more of cocaine base, and 5 kilograms or more of cocaine. (Doc. # 103). Defendant filed a notice of appeal on August 29, 2005. (Doc. # 133). Sentencing was held on September 2, 2005, and Defendant was sentenced to a term of three hundred seventy (370) months. (Doc. # 136). The Fourth Circuit Court of Appeals affirmed Defendant's conviction and sentence on August 17, 2007, (Doc. # 158), and the mandate was issued on September 14, 2007. (Doc. # 159).

Petitioner filed the present action on January 10, 2008. (Doc. # 160). Additionally, Petitioner filed additional documents in connection to his § 2255, (Docs. # 164, 165, and 167), as well as a

1

motion to amend his § 2255. (Doc. # 169). This Court granted the motion to amend on January 28, 2009. (Doc. # 176). The United States of America, ("Government"), filed its motion for summary judgment and its response and memorandum in support of its motion for summary judgment on February 26, 2009. (Docs. # 179 and 180). Petitioner then filed a motion for default judgment and for summary judgment, (Doc. # 181), a reply in opposition, (Doc. # 184), a motion for evidentiary hearing, (Doc. # 185), a motion to strike, (Doc. # 186), a motion to expedite, (Doc. # 190), and a second motion to amend his § 2255 motion. (Doc. # 191). This matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a

complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has filed a response and motion for summary judgment as to all grounds raised by Petitioner. (Docs. # 179 and 180). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed R. Civ. P. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner's claims stretch across nearly one hundred fifty pages, both typed and handwritten, in the form of the initial motion to vacate, additional attachments, two motions to amend, amended § 2255s, and memoranda in support of the motions to amend. This Court has reviewed these filings and addresses each issue in turn.

Petitioner's first challenge appears to be to this Court's jurisdiction. (Doc. # 160). Petitioner states that there is no presumption in favor of jurisdiction, and argues, "Any jurisdiction emanating from a presumption or a fiction is presumptive or fictitious tool for unlawful control . . . ." Id. He continues, "Government sovereignty over 'the people' is a presumption and a fiction, and when once repudiated, must thereafter be proven to exist." Id. Further, he notes, "A law must be in existence in order for one to be charged with the act of committing a crime." Petitioner further argues that "the non-existence of the law, relative to the offense to have allegedly been committed, was not on the face of the charging instrument," and that "the defendant named in the instrument was not charged with an enacted criminal statute." Id. Finally, Petitioner argues the Court "failed to file the Information (charging instrument) with a Grand Jury."

Petitioner's claims concerning the Court's jurisdiction are without merit. Petitioner was

4

indicted by a grand jury on August 24, 2004, on the charge of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine, pursuant to 21 U.S.C. § 846. 18 U.S.C. § 3231 confers subject matter jurisdiction over federal prosecution upon the District Courts. It states, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Id. See United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006), quoting Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.") Further, the indictment complies with the requirements of Federal Rule of Criminal Procedure 7(c)(1). Therefore, Petitioner's request for relief on this basis is denied.

Petitioner next contends, "Appellate counsel constitutionally denied him effective assistance of counsel when he failed to appeal the objections he made to the 'Presentencing Investigation Report,' during his sentencing hearing." (Doc. # 169). He argues that counsel should have challenged "the specific offense characteristic enhancement at paragraph 28, and the adjustment for role in the offense at paragraph 30." Id. Petitioner argues that the fifth amendment prevents one from punishment unless the crime is presented to a grand jury. Id. He further asserts that a defendant cannot be sentenced on charges that are not made in the indictment against him. Id. Petitioner argues that it was error for his counsel not to have known this and to not have objected to his sentence enhancement based on these two paragraphs. Id.

In order for Petitioner to prevail on a claim for ineffective assistance of counsel, Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and

5

(2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

This Court first notes that the paragraph 28 enhancement was pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon in conjunction with the offense for which he was charged. Petitioner's enhancement pursuant to this Section was reviewed on appeal by the Fourth Circuit, and affirmed the judgment. (Doc. # 158). To the extent that Petitioner argues his counsel erred in not making the objections to these enhancements that Petitioner notes in his § 2255, his request for relief is without merit. The objections suggested by Petitioner would have been frivolous. An attorney cannot be charged with ineffective assistance of counsel for failing to raise a meritless claim. See Dennis v. Poppel, 222 F.3d 1245, 1261 (3d Cir. 2000); United States v. Kirsch, 54 F.3d 1062, 1071 (2d Cir. 1995); Bolendar v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). Petitioner appears to argue his sentence could not be enhanced under 2D1.1(b)(1) or under 3B1.1(a) because these enhancements were not included in his indictment. Irrespective of the accuracy of this assertion, the indictment clearly states, "The grand jury further finds: As to said Count 1 . . . The defendants . . . Christopher Lynn Short . . . possessed a dangerous weapon in connection with the offense [United States Sentencing Guidelines Sections 2D1.1(b)(1) . . . and . . . Christopher Lynn Short were organizers or leaders of a criminal

activity that involved five or more participants or was otherwise extensive [United States Sentencing Guidelines Section 3B1.1(a)." (Doc. # 1). Accordingly, counsel's failure to object on this baiss did not constitute conduct that fell below an objective standard of reasonableness.

Petitioner contends that trial and appellate counsel should have moved the court to apply the "rule of levity" because "the guidelines have two distinct definitions for § 2D1.1." (Doc. # 160). He contends trial and appellate counsel should have known "that the conduct in which the Government proceeded, i.e., the dangerous weapon enhancement, does not fall within the guidelines definition of a firearm in which the two level offense enhancement was clearly, erroneously applied." Id. This argument is without merit. Paragraphs 8 and 13 of the presentence investigation report note that one individual testified at trial that he routinely traded guns for drugs with petitioner, and another individual testified at trial that Petitioner told him that he received most of his firearms from a named third person. (Doc. # 131). Additionally, the Fourth Circuit in its opinion on Petitioner's appeal stated, "The evidence at trial showed that Short repeatedly possessed firearms during the charged drug conspiracy. He traded drugs for firearms, stored firearms, including an AK-47 rifle, at his house where he sold cocaine, and assaulted Timothy Backmon, a crack addict Short thought had broken into his home, by hitting him in the face with a pistol." (Doc. # 158). This Court finds this evidence sufficient to conclude that defendant had in his possession items which easily satisfy any definition of a "dangerous weapon." Accordingly, this Court denies Petitioner relief on this claim.

Petitioner next states that his conviction must be vacated "due to the Government's retaliation for exercising his constitutional right to a jury trial rather than plead guilty to the charge offense." (Doc. # 169-1). There is no evidence that the government "retaliated" against the defendant for not pleading guilty. The possibility that Petitioner might have received a lesser sentence had he

pled guilty instead of going to trial does not constitute a violation of Petitioner's Sixth Amendment right to trial by jury. Petitioner cites to U.S. v. Mazzaferro, 865 F.2d 450 (11th Cir. 1989) to support his position. However, Petitioner has failed to establish or present any evidence which would indicate that the facts of this case are similar to those in Mazzaferro. The record is absent of any indication that Petitioner received a harsher sentence due to his decision to proceed to trial. Petitioner's advisory sentencing guideline range was 360 months to life, based upon a total offense level of 42 and a criminal history category of I. (Doc. # 131). Petitioner was sentenced to 370 months. Accordingly, relief on this basis is denied.

As his next ground for relief, Petitioner argues, "The testimony of the Government key witnesses against Petitioner was in violation of 18 U.S.C. § 201(c)(3) Fed. R. of Crim. P. Thus his conviction must be vacated with prejudice." 18 U.S.C. 201(c)(3) provides, "Whoever . . . directly or indirectly, demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon any such trial, hearing, or other proceeding, or for or because of such person's absence therefrom; shall be fined under this title or imprisoned for not more than two years, or both." (Doc. # 169-1). Petitioner contends his case is not governed by Singleton v. United States, which this Court assumes to be a citation to U.S. v. Singleton, 165 F.3d 1297 (10th Cir. 1999). Petitioner argues that unlike in Singleton, "his claim is against the witnesses themselves, i.e., a living breathing human being who accepted something . . . because of their testimony in this case against Petitioner, in violation of 18 U.S.C. § 201(c)(3)." Petitioner's claim is without merit. First, this Court notes that no objection was made on this basis at trial or on appeal. Second, the Fourth Circuit in United States v. Jenkins, 1999 WL 285910 (4th Cir. 1999) indicated that Section 201 would not

apply to Assistant United States Attorneys. This Court believes the logical corollary of this position is that 201 would not apply to the defendant who testified pursuant to a valid plea agreement. Third, Petitioner has pointed to no authority which indicates that constitutional relief is warranted where a witness testifies against a defendant in exchange for promises made by the Government. Petitioner has submitted no evidence that the testimony of these defendants was in any way false or inaccurate. Moreover, this Court disagrees that the testimony of these witnesses created any impermissible risk that the testimony would be perjurious. See U.S. v. fria Vazquez Del Mercado, 223 F.3d 1213 (10th Cir. 2000); Hoffa v. U.S., 385 U.S. 293 (1966). Further, defense counsel at trial had full opportunity to cross examine any witnesses presented by the Government, and the Court instructed the jury that they were to decide what testimony to believe and what testimony not to believe. In making this determination, the Court instructed the jury that it was free to consider whether the witness had an interest in the outcome of the case or any bias or prejudice concerning any party or any matter involved. Accordingly, this Court denies the Petitioners request for relief on this ground.

Petitioner next argues, "The Government's evidence coupled with the court's final jury instructions, failed to prove beyond a reasonable doubt, a 'knowing agreement' between petitioner and Kevin Angelo Youngfellow, as charged in Count One of the Indictment, or another person known or unknown to conspire to distribute and possess crack and powder cocaine, marijuana." (Doc. # 169-1). Petitioner essentially challenges the sufficiency of the evidence to find Petitioner guilty of a conspiracy. He argues the evidence was insufficient to establish a knowing agreement sufficient to prove a conspiracy.

Although allegations of trial error may support grounds for relief under 28 U.S.C. § 2255, a direct appeal is the "normal and customary method" for correcting trial errors such as the

9

admissibility or sufficiency of evidence. See Barksdale v. United States, 2006 WL 1117813 *3 (E.D. Va. 2006) (citing Sunal v. Large, 332 U.S. 174, 177 (1947)). Because the Petitioner did not raise many of the issues raised in his § 2255 petition in his direct appeal of his conviction to the Fourth Circuit, he must clear "a significantly higher hurdle" to obtain relief in his present 28 U.S.C. § 2255 action. United States v. Frady, 456 U.S. 152, 166 (1982).

To succeed on any claims that should have been raised on direct review to the Fourth Circuit, the Petitioner must satisfy the heightened "cause and actual prejudice" standard. See Frady at 167. In order to satisfy this standard, the Petitioner must show: (1) cause excusing his failure to raise this error at trial or on direct appeal; and (2) that he suffered actual prejudice as a result of this error. See id. at 167-68; see also United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). Actual prejudice results only from errors that worked to the Petitioner's "actual and substantial disadvantage" such that they "infect[ed] his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170. This Court may dismiss Petitioner's claim if he has made an insufficient showing as to either component of this two-pronged test. See id.

This Court finds that Petitioner has failed to satisfy his burden. The evidence of record reflects that at least sixteen witnesses testified at trial to purchasing drugs from Petitioner, some doing so over a period of years. Approximately 1.5 kilograms of crack cocaine were attributed to Petitioner. "The essential elements of a § 846 conspiracy are (1) an agreement between two or more persons to undertake conduct that would violate the laws of the United States relating to controlled substances and (2) the defendant's willful joinder in that agreement." United States v. Clark, 928 F.2d 639, 642 (4th cir. 1991). This Court finds the evidence of record was sufficient to establish the existence of an "agreement" between Petitioner and others. Accordingly, relief on this basis is

denied.

Petitioner next argues that "the attorneys for the government committed prosecutorial misconduct when they knowingly used false and coerced testimony of its key witnesses under oath to obtain Petitioner's conviction for conspiring to distribute crack cocaine powder cocaine and marijuana." (Doc. # 169-1). Petitioner's claim is without merit. The record is void of any evidence that any of the witnesses called by the Government were coerced into providing their testimony or that their testimony was false. Petitioner points out that certain witnesses testified in exchange for promises of leniency and sentence reductions by the Government. The fact that certain witnesses testified pursuant to valid plea agreements is insufficient to constitute a depravation of Petitioner's constitutional rights. Moreover, during the jury charge this Court advised the jury that they should "decide which testimony to believe and which testimony not to believe." (Doc. # 152). The Court also noted that in making this determination, the jury should consider whether the witness had "an interest in the outcome of the case or any bias or prejudice." Id. Accordingly, relief on this basis is denied.

Next, Petitioner argues that "Count one of the federal indictment was filed in violation of the 'five-year' statute of limitations, pursuant to 18 U.S.C. § 3282, Fed. R. Crim. P." (Doc. # 169-1). Petitioner's position is without merit. Petitioner argues the alleged drug offenses were committed on January 1, 1993, six years before he was indicted. The indictment makes clear that the conspiracy for which Petitioner was charged continued up until the date of the indictment. The January 1, 1993 date only marks the date when the conspiracy began. (Doc. # 1). "In conspiracy offenses, the 'statute of limitations ... runs from the last overt act during the existence of the conspiracy.'" United States v. Izegwire, 371 Fed. Appx. 369, 371 (4th Cir. 2010) quoting Fiswick v. United States, 329 U.S. 211,

216 (1946). "Furthermore, the conspiracy, once established, is presumed to continue unless or until the defendant shows that it was terminated or he withdrew from it." Id. (citations omitted). Petitioner has failed to provide any evidence that the conspiracy ceased five years prior to his indictment. Therefore, Petitioner's relief on this ground is denied.

Petitioner next argues,"The government's conspiracy evidence produced against Petitioner at and during its jury trial, was insufficient to sustain his conviction thereunder - because the evidence as a whole proved nothing more than a mere 'buyer-seller' relationship." (Doc. # 169-1). He further notes under this claim for relief that the government failed to show "a knowing agreement with any of its key witnesses." Id. This claim is without merit. The Fourth Circuit has held, "Evidence of a 'buy-sell transaction . . . coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators.'" U.S. v. Reid, 523 F.3d 310, 317 (4th Cir. 2008) quoting United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993). At trial, several witnesses testified that they purchased substantial quantities of crack cocaine and cocaine from Petitioner over a period of several years. This Court finds that the jury verdict was well-supported, and that there was ample evidence to find that more than a mere buyer-seller relationship existed. Accordingly, relief on this basis is denied.

Petitioner asserts as his next basis for relief that "Count one of the federal indictment failed to charge a federal offense and show federal prosecutorial subject matter jurisdiction, when it failed to allege offense had a nexus to interstate and foreign commerce, pursuant to Title 21 U.S.C. Sections 841(a)(I); (b)(1)(A); and (b)(1)(D); 846." (Doc. # 169-1). Petitioner argues that the indictment failed to allege Petitioner's illegal drug offense had a nexus to interstate commerce to

trigger federal jurisdiction. This Court finds the Petitioner's position is without merit. The Ninth Circuit Court of Appeals has addressed this issue and concluded:

> [A]n effect on interstate commerce is not an element of a drug conspiracy offense under 21 U.S.C. § 846. Cf. United States v. Visman, 919 F.2d 1390, 1393 (9th Cir.1990) (stating that "no proof of an interstate nexus is required in order to establish jurisdiction of the subject matter" in prosecution under 21 U.S.C. § 841(a)) (quoting United States v. Montes-Zarate, 552 F.2d 1330, 1331 (9th Cir.1977)).
>
> U.S. v. Fernandez, 388 F.3d 1199, 1249 (9th Cir. 2004)

Accordingly, Petitioner's request for relief on this basis is denied.

Petitioner next asserts a claim of "actual innocence." Petitioner states, "Petitioner is actual and factual innocent of the conspiracy offense charged in count one of the federal indictment in this case." Petitioner's assertion is without merit. Petitioner was found guilty by a jury. Petitioner's claim rests upon an attack of the sufficiency of the evidence similar to those already discussed. The evidence presented by the Government was more than sufficient to uphold the verdict. Accordingly, Petitioner's claim for relief on this ground is denied.

Petitioner argues that relief should be granted because "Petitioner was constructively denied effective assistance of counsel at all critical stages of the court proceedings, all in violation of his six amendment protected right under the federal constitution in this case." (Doc. # 169-1). Petitioner argues that his counsel's "sole defense and concern" was that Petitioner "plead guilty and become a government witness, and testify against the Government key witnesses who testified against him." Id. Petitioner asserts that he informed his counsel that he would not plead guilty because he never sold drugs and that he would not be a government witness. He argues that his counsel failed to function as the government's adversary and failed to properly prepare for trial. Id. Petitioner asserts

13

that counsel failed to investigate the government's case and failed to conduct any pretrial investigation. Id.

Mr. Ray E. Chandler submitted an affidavit to this Court outlining what efforts were made on behalf of Petitioner prior to and during trial. Counsel notes that he and his partner spent "several hundred hours" visiting with Petitioner, counseling, reviewing discovery, which included witness statements, criminal records, telephone records, and cancelled checks. (Doc. # 178). Counsel notes that as the as this case moved forward, the Government continued to find new witnesses who were willing to testify against Petitioner. Counsel also states that, as the case progressed, the Government offered better plea opportunities. Counsel notes that Petitioner insisted on going to trial. Counsel asserts that a substantial amount of time was spent preparing testimony to impeach investigating officers. Additionally, counsel argues that a substantial amount of time was spent examining and attempting to explain a large number of telephone calls from Petitioner to convicted drug dealers who testified against him.

After reviewing the affidavit and in light of the evidence of record, this Court cannot say that Petitioner's trial counsel's representation fell below an objective standard of reasonableness. While it does appear that his counsel recommended that Petitioner take the plea agreement offered, it does not appear that counsel's insistence that Petitioner take the plea agreement in any way hindered counsel's trial preparation or representation. Moreover, Petitioner has failed to establish that he was prejudiced by any of the alleged errors. Petitioner argues, "defense counsel only filed five pretrial motions in a case where normally effective counsel would have filed thirty-five to fifty pretrial motions. (Doc. # 169-1). Petitioner does not specify what issues the motions should have addressed. Accordingly this Court finds that Petitioner was not prejudiced by his counsel's failure to file a

greater volume of pretrial motions, especially where Petitioner fails to present the Court with a non-frivolous basis upon which the motions should have been filed. Therefore, this Court denies Petitioner relief on this ground.

It should also be noted that Petitioner restates several of the grounds for relief previously discussed under the "ineffective assistance of counsel" section of his § 2255. For reasons similar to those previously discussed, this Court finds the Petitioner's assertions to be without merit. It was not error for his counsel to not request a "buyer-seller" jury instruction nor did his counsel err in failing to object on the basis that the government failed to establish that the Petitioner "knowingly agreed" with another person to sell drugs. Counsel cannot be expected to make frivolous objections. As there was no merit to these assertions put for by Petitioner, it cannot be said that counsel was ineffective for not raising these issues. Similarly, appellate counsel was not ineffective for failing to review the record and make these objections on appeal.

Finally, this Court notes that Petitioner filed a second motion to amend on August 26, 2009. (Doc. # 191). In this motion, Petitioner argues that his counsel was ineffective for failing to investigate and present an affirmative defense under United States v. Mooney, 497 F.3d 397, 401-409 (4th Cir. 2007). Petitioner asserts that his counsel "failed to investigate the 'affirmative defense' of actual innocence." (Doc. # 191-1). This Court finds Petitioner's claim to be meritless. Petitioner asserted his innocence at trial. Petitioner's case is dissimilar from the facts of Mooney. Moreover, Petitioner has failed to present to the Court an affirmative defense which his counsel failed to present to the jury. Therefore, this Court denies the Petitioner relief on this basis.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc.

# 160), is **DENIED**; and the Government's motion for summary judgment is **GRANTED**. (Doc. # 180). Additionally, Petitioner's "Motion for Default ... and Summary Judgment," (Doc. # 181), "Request for Evidentiary Hearing," (Doc. # 185), and "Motion to Strike," (Doc. # 186) are **DENIED.** Petitioner's "Motion to Expedite § 2255 Motion," (Doc. # 190), is deemed **MOOT.** The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

    **IT IS SO ORDERED**

                                                s/Terry L. Wooten_____
                                                TERRRY L. WOOTEN
                                                United States District Judge

November 30, 2010
Florence, South Carolina